**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY

CIVIL ACTION NO. 22-01029

VERSUS

JUDGE DONALD E. WALTER

DEANNA MUECKE, ET AL.

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a motion for judgment as a matter of law, which the Court construes as a motion for summary judgment, filed by Defendant Cameron Nickle ("Nickle"), who appears pro se. See Record Document 20. Defendant Deanna Muecke ("Muecke") filed an opposition brief urging the Court to dismiss Nickle's motion and to impose on him sanctions for filing vexatious pleadings. See Record Document 22. For the reasons assigned below, Nickle's motion is **DENIED**.

## BACKGROUND

Defendant's father, Joe Nickle (the "Decedent"), was an employee of the National Railway Carriers and United Transportation Union ("NRC/UTU") and participated in the Railroad Employees National Health and Welfare Plan (the "Plan"), an ERISA-governed life insurance plan sponsored by NRC/UTU and issued by Interpleader Plaintiff Metropolitan Life Insurance Company ("MetLife"). See Record Document 1 at ¶ 7. The Decedent passed away on August 14, 2021, after which life insurance benefits under the Plan became payable. See id. at ¶ 11-12.

Muecke, the Decedent's former girlfriend, was designated as the Decedent's sole beneficiary under the Plan and on or around August 30, 2021, she submitted a claim to MetLife to

recover benefits.  See id. at ¶ 14.  Shortly after, Nickle sent a letter to MetLife indicating that he intended to contest Muecke's beneficiary designation based on his belief that the Decedent named Muecke as beneficiary due to fraud, coercion, and/or undue influence.  See id. at ¶ 15.  Nickle then submitted a competing claim for benefits under the Plan.  See id. at ¶ 17.  On November 3, 2021, MetLife sent Muecke and Nickle a letter informing them that given Nickle's allegations, it could not make a beneficiary determination and that by law, it was required to initiate an interpleader action to allow a court to decide between the claims.  See id. at ¶ 19.  On April 19, 2022, MetLife filed a Complaint in Interpleader with this Court.  See Record Document 1.

## MOTION FOR SUMMARY JUDGMENT STANDARD[1]

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id.

---

[1] As noted supra, Nickle filed his motion as one for judgment as a matter of law under Federal Rule of Civil Procedure 50.  See Record Document 20.  A motion for judgment as a matter of law is appropriately raised "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  However, this case has yet to go to trial and, thus, a motion for judgment as a matter of law is premature.  Moreover, even if Nickle had raised the instant motion after MetLife had been fully heard during trial, a motion for judgment as a matter of law would not be the appropriate vehicle for the relief Nickle seeks because such motions should only be invoked in a jury trial, which this is not.  See Weber v. Gainey's Concrete Prods., Inc., 159 F.3d 1356, 1998 WL 699047, at *5 n.1 (5th Cir. Sept. 21, 1998).  Keeping in mind that Nickle is proceeding pro se, the Court will construe the instant motion as a motion for summary judgment despite it being filed under a different name.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting Fed. R. Civ. P. 56(c)).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

## ANALYSIS

Nickle argues that Muecke fails to present any evidence that she was validly designated as beneficiary under the Plan.  See Record Document 20 at 2.  Nickle acknowledges that Muecke produced "a single letter," showing that she is listed as beneficiary, but argues that this letter is not a valid designation because it is not on a designation form, nor is it signed or dated by the Decedent. See id.

As an initial matter, Nickle's motion fails because it is untimely.  Pursuant to the scheduling order entered in this case, the parties' deadline to file dispositive motions was January 9, 2023. See Record Document 15.  Nickle filed the instant motion on March 16, 2023, well past the dispositive motion deadline.  And while Federal Rule of Civil Procedure 16 allows a scheduling order to be modified with leave of court and upon a showing of good cause, Nickle "fails to give any reason how he meets Rule 16's fairly stringent 'good cause' standard which requires him to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions" could not be met." Argo v. Woods, 399 F. App'x 1, 3 (5th Cir. 2010); see also Fed. R. Civ. P. 16(b)(4).  Again, the Court notes that Nickle proceeds pro se.  However, a pro se litigant must still comply with the Federal Rules of Civil Procedure, as well as with the Court's

deadlines.  See Lowman v. Whitaker, No. 10-1603, 2012 WL 3779159, at *3 (W.D. La. Aug. 31, 2012).  Thus, because Nickle has not shown good cause as to why the Court should consider his untimely motion, Nickle's motion is denied as untimely.

Out of an abundance of caution, even if the Court were to consider Nickle's motion, it would fail on the merits.  Nickle's motion rests on the argument that the document designating Muecke as beneficiary under the Plan is invalid because it is not on an approved form, nor is it signed or dated by the Decedent.  However, Nickle does not attach this document to his motion, nor does he direct the Court to it in the record.  Thus, while Nickle may be correct that the document is insufficient to show that the Decedent designated Muecke as beneficiary, the Court is in no position to make that determination without the benefit of the document.[2]  As such, a genuine issue of material fact exists as to the validity of the purported designation, and Nickle is not entitled to judgment as a matter of law.[3]

---

[2] The Court decides Nickle's motion without ordering a response from MetLife or Muecke because responses from either party are unnecessary.  Putting aside the fact that the instant motion is untimely, "[i]f the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response."  Quorum Health Res., LLC v. Maverick Cnty. Hosp. Dist., 308 F.3d 451, 471 (5th Cir. 2002) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

[3] The Court notes that it also could have construed Nickle's motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), but the result would be the same.  The instant motion, if construed as a motion for judgment on the pleadings, would still be considered untimely.  See Argo v. Woods, 399 F. App'x 1, 3 (5th Cir. 2010) ("Rule 12(c) does not restrict the court's discretion under Rule 16(b) . . . . [A] Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 12(b).") (quoting Riggins v. Walter, 279 F.3d 422, 427-28 (7th Cir. 1995)).  Moreover, a judgment on the pleadings, like a motion for summary judgment, may only be granted if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.  See Greenberg v. Gen. Mills Fun Grp., Inc., 478 F.2d 254, 256 (5th Cir. 1973).  As explained supra, Nickle fails to meet this standard.

Finally, the Court disagrees with Muecke that sanctions should be imposed on Nickle. Nickle proceeds pro se, has filed only two substantive motions during the pendency of this lawsuit, and has only been warned by Muecke's counsel, not the Court, of the effect of filing frivolous motions.  Accordingly, the Court rejects Muecke's request to impose sanctions on Nickle, but does caution Nickle to ensure that any future motions he files have legal merit.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that Nickle's motion for summary judgment (Record Document 20), titled as a motion for judgment as a matter of law, is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 4th day of May, 2023.

*Donald E Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE
