UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | CIVIL ACTION NO. 22-01029 |
| VERSUS | JUDGE DONALD E. WALTER |
| DEANNA MUECKE, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court are cross motions for summary judgment, the first filed by Defendant in Interpleader Deanna Muecke ("Muecke") and the second filed by Defendant in Interpleader Cameron Nickle ("Nickle"). See Record Documents 30 and 33. Muecke filed an opposition to Nickle's motion. See Record Document 34. Nickle did not file an opposition to Muecke's motion. For the following reasons, Muecke's motion is **GRANTED** and Nickle's motion is **DENIED**.

## BACKGROUND

Nickle's father, Joe Nickle (the "Decedent"), was an employee of the National Railway Carriers and United Transportation Union ("NRC/UTU") and participated in the Railroad Employees National Health and Welfare Plan (the "Plan"), an ERISA-governed life insurance plan sponsored by NRC/UTU and issued by Interpleader Plaintiff Metropolitan Life Insurance Company ("MetLife"). See Record Document 1 at ¶ 7. The Decedent passed away on August 14, 2021, after which life insurance benefits under the Plan became payable. See id. at ¶ 11–12.

Muecke, the Decedent's former girlfriend, was designated as the Decedent's sole beneficiary under the Plan (the "Designation"). See id. at ¶ 14. On or around August 30, 2021, she submitted a claim to MetLife to recover benefits. See id. Shortly after, Nickle sent a letter to MetLife indicating that he intended to contest Muecke's beneficiary designation based on his belief

that the Decedent named Muecke as beneficiary due to fraud, coercion, and/or undue influence. See id. at ¶ 15. Nickle then submitted a competing claim for benefits under the Plan. See id. at ¶ 17. On November 3, 2021, MetLife sent Muecke and Nickle a letter informing them that given Nickle's allegations, it could not make a beneficiary determination and that by law, it was required to initiate an interpleader action to allow a court to decide between the claims. See id. at ¶ 19.

On April 19, 2022, MetLife filed a Complaint in Interpleader with the Court. See Record Document 1. The Court granted MetLife's Motion to Deposit Funds (Record Document 13) in the amount of $20,000.00, plus applicable interest, into the Registry of the Court. See Record Document 13. On April 12, 2023, during the pretrial conference, Magistrate Judge Hornsby noted the importance of the Designation and ordered counsel for Muecke to obtain the Designation and forward it to Nickle.  Magistrate Judge Hornsby vacated the scheduling order in this matter and ordered Muecke and Nickle to file cross motions for summary judgment. See Record Document 25. Those motions are now before the Court.

## LAW AND ANALYSIS

**A.  Summary Judgment Standard.**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  See id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting Fed. R. Civ. P. 56(c)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

**B. Designation.**

In Louisiana, the proceeds of life insurance, if payable to a named beneficiary other than the estate of the insured, pass by virtue of the contractual agreement between the insured and the insurer to the named beneficiary. See T. L. James & Co. v. Montgomery, 332 So. 2d 834, 847 (La. 1975). Long-standing Louisiana jurisprudence holds that an insured may take out a life insurance policy on behalf of whomever he sees fit to be a beneficiary. See Succession of Hearing, 26 La. Ann. 326, 327 (1874). The beneficiary may be a friend of the insured. See Manuel v. Peoples Indus. Life Ins. Co., 189 So. 311, 312 (La. Ct. App. 1939).

Muecke attached the Designation to her motion for summary judgment. See Record Document 31 at 18–20. The Designation provides that Muecke is the sole beneficiary under the Plan and lists Muecke's relationship with the employee, the Decedent, as a "friend." See id. at 18–19. The Designation allegedly bears the signature of the Decedent. See id. at 20. Therefore, the Designation is a contractual agreement between the Decedent and MetLife to the named beneficiary, Muecke.

In his opposing motion for summary judgment, Nickle argues the Court should not consider the Designation because Muecke did not provide the Designation when Nickle sought it during

3

discovery. See Record Document 33 at 3–4. Nickle argues that Muecke "made a tactical decision not to provide proof of designation" until Magistrate Judge Hornsby ordered her to do so during the pretrial conference. Id. at 3. Nickle asserts that without the Designation, none of the evidence before the Court shows Nickle designated Muecke as his beneficiary prior to his death. See id. at 4.

As an initial matter, the Court will not disregard the Designation. Nickle argues that consideration of the Designation is improper because Magistrate Judge Hornsby "reopened" discovery to allow the Designation which was "in contradiction" with Magistrate Judge Hornsby's order denying Nickle's motion to compel which sought, inter alia, the Designation. Id. at 3. However, Nickle misinterpreted Magistrate Judge Hornsby's order. Magistrate Judge Hornsby did not find the Designation was not relevant to this matter and did not decline to order Muecke to produce a document she possessed. His order found Muecke had "produced everything that she has that is relevant to the beneficiary designation." Record Document 19. Magistrate Judge Hornsby could not have ordered Muecke to provide the Designation because she did not have it. See Record Document 18-1 at 2–3. Contrary to Nickle's assertion, Magistrate Judge Hornsby's order denying the motion to compel is not inconsistent with his order at the pretrial conference for Muecke to obtain the Designation from MetLife. Moreover, the Court cannot fathom what kind of prejudice Nickle would suffer from having access to the exact documents he sought in the motion to compel. The Court rejects Nickle's argument to disregard the Designation.

## C. Fraud and Undue Influence.

Alternatively, Nickle argues that the Designation is invalid because Muecke was fraudulently listed as the beneficiary and Muecke unduly influenced the Decedent to do so. See Record Document 33 at 4–5. To demonstrate fraud, Nickle must show that "a misrepresentation

4

or a suppression of the truth" was made "with the intention either to obtain an unjust advantage" or "cause a loss or inconvenience." La. Civ. Code art. 1953. Under Rule 9, a claim for fraud must be alleged with particularity. See Fed. R. Civ. P. 9. The Fifth Circuit interprets Rule 9 to require the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997). Under Louisiana law, undue influence is found where a person's influence so greatly affects another person that they effectively substitute their will for that of the other person. See La. Civ. Code art. 1479; see also Succession of Conville v. Bank One, La., N.A., 920 So. 2d 397, 401–02 (La. App. 2d. Cir. 2006). To establish fraud or undue influence as to change of beneficiary forms, the movant must submit "specific facts that [the Decedent] was misled or deceived by [the defendant] about the substance or consequences of changing the beneficiary of his policies." Am. Gen. Life Ins. Co. v. Wilkes, 290 F. App'x 688, 691 (5th Cir. 2008) (per curiam); see also McCleery v. Speed, No. 22-30213, 2023 WL 1099149, at *3 (5th Cir. Jan. 30, 2023).

Muecke asserts that the Designation shows she was listed as the Decedent's beneficiary and that there is "zero proof that . . . Muecke had any nefarious influence over the [Decedent] to 'make' him list her as a beneficiary." Record Document 30-2 at 3. Muecke also asserts that nothing indicates the Decedent changed his beneficiary before his death. See id.

Nickle claims that the Decedent "could not have, with a sound mind, and without influence have designated . . . Muecke his life beneficiary[.]" Record Document 33 at 4. To support Nickle's fraud and undue influence claims, Nickle argues that the signature on the Designation is not the Decedent's, the Decedent was traveling on the day he purportedly signed the Designation, and the Decedent apparently "stated before his passing that . . . Nickle was the sole beneficiary of his life

5

insurance policy." Id. at 4–5. Nickle submitted several documents into evidence containing the Decedent's signature. See Record Document 33-1 at 38–97. Nickle argues that the signature on the Designation is not the Decedent's because the documents he submitted bear the signature "Joe L. Nickle" whereas the Designation bears the signature "Joe Lawrence Nickle." See Record Document 33 at 4. Nickle contends that the Decedent never signed documents with his middle name, only his middle initial. See id.

Furthermore, Nickle asserts that the Decedent was traveling for thirteen hours on the day he purportedly signed the Designation, and therefore, he could not have signed it. See id. Mueke's affidavit states that in March 2021, the Decedent returned from work and informed her that he had made her the beneficiary of the Designation. See Record Document 31 at 3. Relying on Mueke's affidavit, Nickle argues that "[i]t seems highly improbable that [the Decedent] would decide while driving to sign [the Designation]." Record Document 33 at 4–5.

Lastly, Nickle contends that the Mueke was fraudulently listed on the Designation, and Nickle was intended to be the true beneficiary. In an unsworn affidavit, Nickle asserts that the Decedent had told Nickle that he was the beneficiary of the Decedent's life insurance policy. See Record Document 33-1 at 18. The Decedent allegedly told Nickle that Muecke's name was not on the deed to his house, and he did not want her to inherit anything. See id. at 19, 21. A settled rule in the Fifth Circuit is that an unsworn affidavit is not competent summary judgment evidence. See DIRECTV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005). An exception to that rule is that the movant may submit an unsworn declaration if it contains statements made "under penalty of perjury" and is verified as "true and correct." 28 U.S.C. § 1746. The evidence submitted by Nickle does not fall into the exception for an unsworn declaration, and therefore, it is not competent summary judgment evidence.

6

Nickle also provided an affidavit by the Decedent's sister, Pynne Floresca ("Floresca"). In the affidavit, Floresca stated the Decedent told her that the Decedent "did not have a will, but he did have life insurance with his new job and that his son, [Nickle], [was] his sole beneficiary." Record Document 33-1 at 26. Additionally, Floresca stated that she witnessed Nickle ask the Decedent if Mueke's name was "on anything," and the Decedent responded in the negative, further implying that the Decedent intended Nickle to be the Designation beneficiary. See id. at 27. While the Court accepts that the affidavit was properly administered by a notary, the contents of the affidavit must meet evidentiary requirements. See Goodwin v. Johnson, 132 F.3d 162, 186 (5th Cir.1997) (finding that the hearsay statements in an affidavit submitted to defeat summary judgment were "incompetent summary judgment evidence"); see also Tucker v. SAS Inst., Inc., 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) ("[W]hile an affidavit has limited admissibility at trial, it is sufficient evidence to defeat a motion for summary judgment, but inadmissible statements in the affidavit, such as hearsay statements, may not be considered by the court."). Hearsay is not admissible unless it falls into an exception or a federal statute applies. See Fed. R. Evid. 802. The Federal Rules of Evidence define "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. In the affidavit, Floresca stated that the Decedent said to Floresca that Nickle was the sole beneficiary of the Designation. See Record Document 33-1 at 26. Floresca offers this statement to prove the truth of the matter asserted, i.e., that Nickle was originally the sole beneficiary of the Designation. Therefore, the contents of the affidavit are hearsay.

Nickle argues that these statements fall into the dying declaration exception. See Record Document 33 at 6. For this exception to apply, the declarant must be unavailable as a witness, and

7

the statement must be made by the declarant, while believing the declarant's death to be imminent, about its cause or circumstances. See Fed. R. Evid. 804(b)(2). Here, the declarant is the Decedent, and he is unavailable as a witness. See Fed. R. Evid. 804(a)(4) ("A declarant is considered to be unavailable as a witness if: the declarant cannot be present or testify at the trial or hearing because of death."). The statement made by the Decedent did not concern what he believed to cause his impending death, but rather pertains to the beneficiary of his life insurance plan. The evidence submitted by Nickle does not fall into the hearsay exception, and therefore, the contents of the affidavit are not competent summary judgment evidence.

Based on the foregoing, Nickle's evidence and arguments fail to identify any specific misrepresentations or suppressions of the truth made by Muecke demonstrating that Muecke was fraudulently listed as the beneficiary. All the allegations are speculative and not alleged with particularity. "Failure to plead fraud with particularity mandates dismissal." Sollberger v. Humphries, No. CV 23-1023, 2023 WL 6065154, at *4 (E.D. La. Sept. 18, 2023). Furthermore, Nickle failed to meet his burden of undue influence because he presented no evidence to show that the Decedent originally listed Nickle as a beneficiary and therefore, failed to establish that the Decedent was misled or deceived by Mueke about the consequences of changing the beneficiary of his policies.

### D. Attorney's Fees.

MetLife's complaint prayed for an award of attorney's fees and costs to be paid from the interpleaded funds. See Record Document 1 at 6, ¶ 4. A district court has the authority to make such an award in interpleader actions after the consideration of certain factors. See Royal Indem. Co. v. Bates, 307 F. App'x. 801, 806 (5th Cir. 2009). MetLife is allowed 14 days from the entry of judgment to file a motion for attorney's fees. See Fed. R. Civ. Pro. 54(d)(2). The parties are

encouraged to agree on a reasonable amount, but if they are unable to do so, the motion will be noticed for briefing.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Muecke's motion for summary judgment (Record Document 30) is hereby **GRANTED**, and Muecke is awarded the amount of $20,000.00, plus any accrued interest.

**IT IS FURTHER ORDERED** that Nickle's motion for summary judgment (Record Document 33) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that MetLife has 14 days from the entry of judgment to file a motion for attorney's fees.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 30th day of October, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE